**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Alice Rybolt,<br><br>            Plaintiff,<br>     vs.<br><br>Mario Terrance Valella, et al.,<br><br>            Defendants. | No. CV-07-8009-PCT-PGR<br><br>ORDER |

Having considered Plaintiff's Motion to Continue Trial (doc. #36), wherein the plaintiff's counsel requests that the currently scheduled trial date of November 18, 2008 be continued so that he may attend a family wedding, the Court finds that the motion should be denied without prejudice as premature.

First, nothing in the motion establishes that the plaintiff's counsel has the authority to file the motion given the fact that his client, Ms. Rybolt, the statutory plaintiff, died on May 18, 2008. The general rule is that the death of a party terminates the power of her attorney to act on her behalf. *See* Mubi v. Broomfield, 492 P.2d 700, 702-03 (Ariz.1972).

Second, the relief requested in the motion may very well be unnecessary given that the plaintiff's counsel states in the motion that he and his law firm are intending to move to withdraw from this action on or after June 30, 2008.

1 Third, the requested relief may also be unnecessary even if the plaintiff's counsel continues to represent any substituted statutory plaintiff since there are pretrial proceedings yet to happen that could very well change the currently scheduled trial date, such as the filing of a dispositive motion. The Court will not change a trial date without some reasonable assurance that a change is actually necessary and such a showing has not yet been made.[1] Therefore,

IT IS ORDERED that Plaintiff's Motion to Continue Trial (doc. #36) is denied without prejudice as premature.

DATED this 11th day of June, 2008.

Paul G. Rosenblatt
United States District Judge

---

[1] In any case, counsel are advised that it is the Court's policy to attempt to accommodate any counsel's schedule, when reasonably necessary and reasonably possible, when setting a final trial date.